UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JEFFREY GOLDHOFF,

    Plaintiff,

v.                                                   Case No: 5:22-cv-324-PRL

MAXENE SAUNDERS,

    Defendant.

## ORDER

This case is before the Court for consideration of Plaintiff's motion to file documents under seal. (Doc. 48). Although titled "Ex Parte Motion for Leave to File Under Seal," the motion was not properly entered by counsel into the Court's CM/ECF system as "Ex Parte" and was therefore automatically served upon all parties of record.

In any event, Plaintiff's motion recites that "Creditor requests that the Court permit Creditor to file motions under seal, and requests orders be entered under seal, to enable Creditor's post-judgment enforcement prospective remedies to be ordered by the Court unobstructed in implementation." (Doc. 48 at 8). Plaintiff recites that he seeks ex parte relief without notice to Defendant of post judgment enforcement remedies because, "[i]f provided advance notice, Defendant has proven she is willing and able to quickly convey or move assets. Florida law permits ex parte relief without notice to Defendant post-judgment." (Doc. 48 at 6). In support of the request, Plaintiff cites to evidence, including evidence obtained during Defendant's recent bankruptcy proceedings that Defendant recently transferred the title of her vehicle to her ex-husband without any consideration, recently transferred her interest in certain real property to her daughters, and withdrew a large amount in cash

($56,000) just three days after the final judgment in this case was entered against her. (Doc. 48 at 3-5).

The right of access to judicial records pursuant to common law is well established. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). Thus, when parties request an order restricting access to pleadings and evidence filed with the court, such a request warrants heightened scrutiny. Indeed, when a request for filing under seal is made, Eleventh Circuit precedent setting forth the governing standard and the public's interests, as well as the requirements of the Local Rules, should be addressed. *See U.S. v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311-12 (11th Cir. 2001); *Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 606-07 (1982); *Microlumen, Inc. v. Allegrati*, Case No. 8:07-cv-350-T-17TBM, 2007 WL 1247068 (M.D. Fla. April 30, 2007). Local Rule 1.11(a) expressly provides:

> (a) PUBLIC RIGHT OF ACCESS. Because constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification. Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation.

Plaintiff's motion for leave to file under seal is unnecessary. Federal Rule of Civil Procedure 5(a)(1)(D) provides an exception to the requirement to serve pleadings and other papers on every party for "a written motion, except one that may be heard ex parte." Indeed, post-judgment motions, particularly those involving collection efforts directed at the judgment debtor, may be properly handled ex parte. *See Stansell v. Lopez Bello*, 802 F. App'x 445, 449 (11th Cir. 2020), and *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 726 (11th

Cir. 2014) (acknowledging that "post judgment motions and writs typically need not be served on defendants."). This Court has specifically held that "[p]ost-judgment writs of garnishment may be issued ex parte and without notice to the judgment debtor." *Ainbinder v. Hingson*, No. 8:18-mc-54-T-33JSS, 2018 WL 6605247, at *1 (M.D. Fla. July 23, 2018), *citing Commc'ns Ctr., Inc. v. Komatsu*, No. 605CV1254ORL31GJK, 2008 WL 2717669, at *1 (M.D. Fla. June 27, 2008); *accord Michael Grecco Prods., Inc. v. SofferSapp LLC*, No. 16-24966-CIV-COOKE/O'SULLIVAN, 2021 WL 3109971, at *2 (S.D. Fla. July 22, 2021).

Therefore, if circumstances warrant a matter to be addressed on an ex parte basis, Plaintiff may properly file an appropriate ex parte motion.[1] Plaintiff's motion for leave to file documents under seal (Doc. 48) is DENIED.

**DONE** and **ORDERED** in Ocala, Florida on February 1, 2024.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Upon confirmation by the Clerk, motions correctly filed in the Court's CM/ECF system as "*Ex Parte*" are only accessible and visible by the filing party and Court personnel. Documents that are **not** correctly filed in the Court's CM/ECF system as "*Ex Parte*" may be visible on the public docket. Resources regarding assistance with the Court's CM/ECF system can be found on the Court's website: https://www.flmd.uscourts.gov/webforms/contact-cmecf.